UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA, | COMPLAINT |
| Plaintiff, | Civil Action No. |
| - against – | |
| KONSTANTINOS ZARKADAS, | |
| Defendant. | |

---------------------------------------------------X

Plaintiff UNITED STATES OF AMERICA, by its attorney, SETH D. DuCHARME, Acting United States Attorney for the Eastern District of New York, Diane C. Leonardo, Assistant United States Attorney, of counsel, hereby alleges for its complaint upon information and belief:

1. This is a civil action seeking penalties and injunctive relief under the Controlled Substances Act, as amended, 21 U.S.C. § 801 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 21 U.S.C. § 843(f)(1) and 28 U.S.C.§§ 1345, 1355.

3. Venue is proper in the Eastern District of New York pursuant to 21 U.S.C. § 843(f)(2) and 28 U.S.C. § 1395(a).

## STATUTORY AND REGULATORY BACKGROUND

4. The Comprehensive Drug Abuse Prevention and Control Act of 1970, otherwise known as the Controlled Substances Act, 21 U.S.C. § 801, *et seq*., ( "CSA") and its implementing regulations

1

set forth a comprehensive federal regulatory regime for the manufacture, distribution, dispensing, and possession of controlled substances. In order to prevent the diversion of controlled substances from legitimate to illegitimate uses, the CSA establishes a closed regulatory system under which it is unlawful to manufacture, distribute, dispense or possess any controlled substance except in a manner authorized by the CSA. *See* 21 U.S.C. § 841(a).

5. At all times relevant to this action, Phentermine has been a Schedule IV controlled substance pursuant to 21 U.S.C. § 812 and 21 C.F.R. §1308.12(c).

6. The CSA requires persons and entities engaged in the manufacture, distribution, and/or dispensing of controlled substances to register with the Drug Enforcement Administration ("DEA"), 21 U.S.C. § 823, and to maintain records, 21 U.S.C. § 827(a).

7. A person engaged in the dispensing of controlled substances is required, *inter alia,* to maintain records that accurately set forth information concerning of the controlled substances he has dispensed, 21 U.S.C. § 827(a)(3) and 21 C.F.R. §§ 1304.21(a) and 1304.22(c); to maintain records that accurately set forth information concerning the controlled substances that he has received, 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.21(a); to maintain an initial inventory of controlled substances on hand, 21 U.S.C. § 827(a)(1) and 21 C.F.R. § 1304.11(a); and to maintain a biennial inventory of controlled substances on hand, 21 U.S.C. § 827(a)(1) and 21 C.F.R. § 1304.11(c).

8. Pursuant to 21 U.S.C. § 842(a)(5), it is unlawful for any person to refuse or negligently fail to keep a record required to be kept under the CSA.

## THE DEFENDANT

9. Defendant Konstantinos Zarkadas ("Zarkadas" or "the defendant") is licensed to practice medicine in the State of New York and practices medicine in Nassau County and New York

2

County, New York. At all times relevant to this action, the defendant was registered with the United States Drug Enforcement Administration ("DEA") under DEA registration number BZ9788716.

## FACTUAL BACKGROUND

10. Plaintiff repeats and realleges paragraphs 1 through 9 as if fully set forth herein.

11. On approximately 292 occasions between in or about December 2012 and April 2016 in Nassau County, New York and New York County, New York, the defendant distributed approximately 20,100 dosage units of Phentermine, without maintaining and keeping records in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. §§ 1304.21(a) and 1304.22(c).

12. On 71 occasions between April 2014 and February 2015, the defendant incorrectly recorded and entered dates in his records for distribution of Phentermine in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. §§ 1304.21(a) and 1304.22(c).

13. The defendant failed to maintain records of his receipt of controlled substances for the time period of August 2012 through February 2015 in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. § 1304.21(c).

14. The defendant failed to maintain an initial inventory of controlled substances on hand, in violation of 21 U.S.C. § 827(a)(1) and 21 C.F.R. § 1304.11(a).

15. The defendant failed to maintain biennial inventory of controlled substances on hand, in violation of 21 U.S.C. § 827(a)(1) and 21 C.F.R. § 1304.11(c).

## FIRST CLAIM FOR RELIEF

16. Plaintiff repeats and realleges paragraphs 1 through 15 as if fully set forth herein.

17. As a result of the foregoing, the defendant is liable to the United States of America for:

a) a civil penalty in the amount of not more than ten thousand dollars ($10,000.00) for violations that occurred on or before November 2, 2015; and b) a civil penalty in an amount of not more than fifteen thousand and forty dollars ($15,040) for violations that occurred after November 2, 2015 pursuant to 21 U.S.C. §§ 842(a)(5) and 842 (c)(1)(B)(i) and 28 C.F.R. § 85.5.

WHEREFORE, plaintiff United States of America respectfully requests that:

1. Judgment be entered against defendant in an amount to be determined on the First Claim for Relief.

2. Plaintiff be awarded its reasonable costs and disbursements in this action; and

3. The Court grant such other and further relief as the Court may deem just and proper.

Dated: Central Islip, New York
      September 15, 2020

SETH D. DuCHARME
Acting United States Attorney
Eastern District of New York
Attorney for Plaintiff

By: /s/Diane C. Leonardo
Diane C. Leonardo
Assistant U.S. Attorney