FILED
CLERK

4:24 pm, Oct 08, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA,

                      Plaintiff,

        -against-

KONSTANTINOS ZARKADAS,

                    Defendant.

----------------------------------------------------------X

<u>CONSENT JUDGMENT</u>
Civil Action
No. CV-20-4310 (GRB)(SIL)

        This Consent Judgment is entered into between the United States of America, acting through the United States Department of Justice and on behalf of the United States Drug Enforcement Administration ("DEA")(collectively the "United States"), and defendant Konstantinos Zarkadas, M.D. ("Zarkadas" or "defendant") (collectively referred to as "the Parties"):

<u>RECITALS</u>

        A.    The United States contends that it has certain civil and administrative claims against the defendant pursuant to the provisions of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* ("the CSA"), and its implementing regulations.

        B.    Specifically, as set forth more fully in the Complaint in this action, : 1) from between in or about December 2012 through April 2016, the defendant committed approximately 292 violations of 21 U.S.C. § 842 (a)(5) and C.F.R. §§ 1304.03 (b) and 1304.11 in distributing phentermine, a Schedule IV controlled substance; 2) from between in or about April 2014 and February 2015, the defendant incorrectly recorded and entered dates in his records for distribution of phentermine on approximately 71 occasions in violation of 21 U.S.C. § 827(a)(3)

*United States v. Zarkadas, CV-20-4310 (GRB)(SIL)  Consent Judgment of Settlement*

and 21 C.F.R. §§ 1304.21(a) and 1304.22(b) and (c); and 3) the defendant did not maintain an

initial inventory, biennial inventory and failed to maintain records of the receipt of controlled

substances for the time period of August 2012 through February 2015 in violation of 21 U.S.C.

§ 827 (a)(1) and 21 C.F.R. § 1304.11 (collectively, "the Covered Conduct").

        C.      This Consent Judgment is neither an admission of liability by Zarkadas

nor a concession by the United States that its claims are not well founded.

        D.      To avoid the delay, uncertainty, inconvenience, and expense of protracted

litigation of the above claims, and in consideration of the mutual promises and obligations of this

Consent Judgment, it is hereby agreed, by and between the United States, by its undersigned

attorney, and Zarkadas, both by himself and by his undersigned attorney, pursuant to 21 U.S.C.

§§ 842(a)(5) and (c)(1)(B)(i) and 843 (f), that this action is settled upon the following terms and

conditions:

### Terms of Consent Judgment

        1.      Zarkadas shall pay the United States a civil penalty under the CSA of

Eighty Thousand dollars ($80,000) (the "Settlement Amount"), which shall be paid no later than

fourteen (14) business days after the Effective Date of this Consent Judgment.  Payment of the

Settlement Amount shall be paid by electronic funds transfer in accordance with written

instructions from the Office of the United States Attorney.

        2.      Subject to the exceptions set forth in Paragraph 5 (concerning excluded

claims) herein, and conditioned upon Zarkadas' timely full payment of the Settlement Amount

under this Consent Judgment, the United States releases Zarkadas from any civil or

administrative monetary claim the United States has for the Covered Conduct.

3.      In the event that the payment of the Civil Penalty Amount is reversed, rescinded and/or ruled to be unlawful and/or wrongful by any court or administrative agency, federal or state: (a) the United States may commence an action in district court for civil penalties against Zarkadas  for the Covered Conduct and Zarkadas agrees not to plead, argue or otherwise raise any defenses to such an action under the theories of statute of limitations, laches, estoppel, or similar theories of statute of limitations, laches, estoppel, or similar theories, except to the extent that such defenses were available to Zarkadas on the date of the United States' receipt of the payment.

4.      This Consent Judgment in no way alters or restricts the United States' right to enforce the CSA and regulations promulgated thereunder by commencing an administrative or civil action against Zarkadas for any conduct that does not arise from the Covered Conduct or that occurs after the Effective Date of this Consent Judgment.

5.      The obligations imposed upon Zarkadas pursuant to this Consent Judgment are in addition to, and not in derogation of, obligations imposed upon Zarkadas pursuant to any federal, state or local law, including without limitation the CSA and the regulations promulgated thereunder.

6.      Notwithstanding the releases given in Paragraph 2 of this Consent Judgment, or any other term of this Consent Judgment, the following claims of the United States are specifically reserved and are not released:

a.      Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.      Any criminal liability;

c.      Except as explicitly stated in this Consent Judgment, any administrative liability;

3

*United States v. Zarkadas, CV-20-4310 (GRB)(SIL)  Consent Judgment of Settlement*

      d.      Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

      e.      Any liability based upon obligations created by this Consent Judgment;

      f.      Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

      g.      Any liability for failure to deliver goods or services due;

      h.      Any liability of individuals.

7.      Zarkadas fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) which Zarkadas could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents, related to the Covered Conduct, or arising from the United States' investigation and resolution of claims based upon the Covered Conduct.

8.      Zarkadas waives and shall not assert any defenses he may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Consent Judgment bars a remedy sought in such criminal prosecution or administrative action.  Nothing in this paragraph or any other provision of this Consent Judgment constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

9.      Zarkadas agrees to the following:

A.      <u>Unallowable Costs Defined</u>:  All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42

U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Zarkadas, his present or former employees, and agents in connection with:

(1)     the matters covered by this Consent Judgment;

(2)     the United States' audit(s) and investigation(s) of the matters covered by this Consent Judgment;

(3)     Zarkadas's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and investigation(s) in connection with the matters covered by this Consent Judgment  (including attorney's fees); and

(4)     the negotiation and performance of this Consent Judgment; are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as "Unallowable Costs").

B.     <u>Future Treatment of Unallowable Costs</u>:  Unallowable Costs shall be separately determined and accounted for by Zarkadas, and Zarkadas shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Zarkadas to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

C.     <u>Treatment of Unallowable Costs Previously Submitted for Payment</u>:  Zarkadas further agrees that within 90 days of the entry of this Consent Judgment he shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information

*United States v. Zarkadas, CV-20-4310 (GRB)(SIL)  Consent Judgment of Settlement*

reports, or payment requests already submitted by Zarkadas and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs.  Zarkadas agrees that the United States, at a minimum, shall be entitled to recoup from Zarkadas any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies.  The United States reserves its rights to disagree with any calculations submitted by Zarkadas on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Zarkadas's cost reports, cost statements, or information reports.

10.     This Consent Judgment is intended to be for the benefit of the Parties only.  The Parties do not release any claims against any other person or entity.

11.     Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Consent Judgment.

12.     Each party and signatory to this Consent Judgment represents that it freely and voluntarily enters into this Consent Judgment without any degree of duress or compulsion.

13.     This Consent Judgment is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute relating to this Consent Judgment is the United States District Court for the Eastern District of New York.  For purposes of construing this Consent Judgment, this Consent Judgment shall be deemed to have been drafted by all Parties to

this Consent Judgment and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14.     The undersigned counsel represent and warrant that they are fully authorized to execute this Consent Judgment on behalf of the persons and entities indicated below.

15.     This Consent Judgment shall become final and binding only upon signing by all parties hereto.

16.     This Consent Judgment may be executed in one or more counterparts, each of which shall constitute an original and all of which shall together constitute one and the same Consent Judgment, and for purposes of this Consent Judgment, facsimile signatures shall be treated as equivalent to originals.

17.     This Consent Judgment is binding on Zarkadas' successors, transferees, heirs, and assigns.

*United States v. Zarkadas, CV-20-4310 (GRB)(SIL)  Consent Judgment of Settlement*

18.     The Court shall retain jurisdiction to enforce the provisions of this Consent

Judgment.

Dated: Central Islip, New York                SETH D. DuCHARME
          September 24, 2020                       Acting United States Attorney
                                                              Eastern District of New York
                                                              Attorney for Plaintiff
                                                              610 Federal Plaza, 5th Floor
                                                              Central Islip, New York 11722


                                          By:     /s/ Diane C. Leonardo
                                                              DIANE C. LEONARDO
                                                              Assistant U.S. Attorney
                                                              (631) 715-7854


Dated:  New York, New York                   SCHLAM STONE AND DOLAN, LLP
           September     2020                       Attorneys for Defendant
                                                              26 Broadway
                                                              New York, New York 10004

                                          By:     _____
                                                              RONALD G. RUSSO, ESQ.
                                                              (212) 344-5400


CONSENTED TO:

_____
Konstantinos Zarkadas M.D.

Acknowledged before me this __ day of September 2020

_____
Notary Public

RONALD G. RUSSO
NOTARY PUBLIC, State of New York
No. 02RU6007486
Qualified in Kings County
Commission Expires May 18, 2018
2022

SO ORDERED:
    /s/ Gary R. Brown, U.S.D.J.

_____
HONORABLE GARY R. BROWN
United States District Judge

Dated: 10/8/2020

8